UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYNE DEE WELLS Jr., | |
| Plaintiff, | Case No. C10-5097RJB/JRC |
| v. | REPORT AND RECOMMENDATION |
| CORRECTIONAL OFFICER JAMES McLEAN, | Noted For : July 2, 2010 |
| Defendant. | |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

Defendant McLean asks the court to dismiss the action for failure to exhaust his prison grievance remedies (Dkt. # 12). Plaintiff has replied and admitted that he failed to file the level three appeal, but claims that he was excused from doing so because he was "outside of the Department of Corrections jurisdiction." (Dkt. # 19). Plaintiff waited over two years before filing his level three appeal. This action is unexhausted because plaintiff failed to file a timely appeal to the third level of Washington State's prison grievance program. Because the appeal

REPORT AND RECOMMENDATION- 1

was untimely, this action is unexhausted. The action should be DISMISSED WITH PREJUDICE

## FACTS

These facts are taken from the motion to dismiss and the reply (Dkt. # 12 and 19). Plaintiff is an inmate at the Clallam Bay Correctional Center. On March 13, 2007, Officer McLean confiscated plaintiff's prison identification badge, which listed a religious diet preference of "vegan." Officer McLean had observed plaintiff not following the diet plan. Plaintiff was forced to pay three dollars to obtain a new identification badge.

Plaintiff filed a grievance on March 16, 2007. He received a response on April 4, 2007. He filed an appeal to level two on April 9, 2007. While plaintiff was out of the facility for a court appearance on May 7, 2007, he received an answer to his level two appeal. Plaintiff returned to the facility on June 27, 2007. He did not attempt to file an appeal to level three until January 18, 2010, nearly two and one half years later. His appeal was denied as untimely.

## DISCUSSION

The burden of pleading and proving failure to exhaust administrative remedies in the civil rights context is normally defendants. The court may consider evidence outside the pleading without converting the motion to a motion for summary judgment. Wyatt v. Terhune, 315 F3d. 1108 (9th Cir. 2003). A motion to dismiss for failure to exhaust administrative remedies is an unenumerated Rule 12 (b) motion.

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

REPORT AND RECOMMENDATION- 2

42 U.S.C. § 1997e(a).

The act applies to plaintiff.  The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002).  By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally.  Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (*quoting* Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520.

Plaintiff argues that because he was outside the facility when he received his level two answer he could not file a level three appeal and he therefore completed all the process available to him (Dkt. # 16).  The grievance policy required an appeal be filed within two days of receipt of an answer to a level one or two grievance.  Obviously, plaintiff could not comply with this requirement because he was out of the facility and in state court when he received his level two response.  Policy would have allowed the grievance coordinator to waive the time line for filing his level three appeal since plaintiff had good cause for not filing within two days (Dkt. # 19, supplemental affidavit of Ron Frederick ¶ 4).  However, plaintiff waited over two and one half years before filing his appeal.  Plaintiff has provided no good reason for not requesting a waiver within a reasonable period of time after returning to the facility.

Under this set of facts, the court finds that the claims are unexhausted.  Plaintiff was not diligent in pursuing his appeal and this action is unexhausted.  Because plaintiff cannot now exhaust the action should be DISMISSED WITH PREJUDICE.

REPORT AND RECOMMENDATION- 3

CONCLUSION

The action should be DISMISSED WITH PREJUDICE as unexhausted.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 2, 2010, as noted in the caption.

Dated this 7th day of June, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4