1

2

3

4

5

6

7

8

9

10              UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
11                      AT TACOMA

12    RAYNE DEE WELLS JR,

13                    Plaintiff,                    CASE NO. C10-5097-RJB-JRC

14              v.                                  REPORT AND RECOMMENDATION

15    JOHN DOE MCLEAN et al.,                       NOTED FOR: APRIL 27, 2012

16                    Defendants.

17          This 42 U.S.C. § 1983 civil rights matter has been remanded from the Ninth Circuit so

18   that the Court can consider whether the dismissal in this case should be with or without

19   prejudice. The Ninth Circuit affirmed the dismissal of the action (ECF No. 40). The Court

20   recommends that the dismissal be without prejudice.

21                                        FACTS

22          Plaintiff is an inmate and under the terms of the Prison Litigation Reform Act ("PLRA")

23   he must exhaust the prison's administrative remedies prior to his filing any action challenging his

24

conditions of confinement. <u>See</u> 42 U.S.C. § 1997e (a). Plaintiff was infracted for not following

his religious diet plan and he was forced to pay three dollars to obtain a new identification badge

listing his new diet. He filed a timely grievance; he received a response; e then filed an appeal.

Plaintiff was not in the facility when the level two appeal response was signed as he was

temporarily out for a court appearance (ECF No. 12). The parties disagree on when plaintiff

received the level two appeal, but at the latest it was June 27, 2007 (ECF No. 19). Under the

prison's grievance procedure rules, plaintiff had two days to file a level three appeal. Plaintiff

waited until January of 2010, nearly two and one half years, before attempting to file an appeal

to level three. The level three appeal was rejected as untimely.

DISCUSSION

In the Ninth Circuit, failure to exhaust administrative remedies has historically resulted in

dismissal without prejudice. <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003). It is an affirmative

defense, not a pleading requirement. <u>Wyatt</u>, 315 F.3d at 1117. It is not a decision on the merits

and should be treated as a matter in abatement. <u>Wyatt</u>, 315 F.3d at 1119. Historically, the court

has discretion when to apply abatement and the court can take into account equitable

considerations. The decision in <u>Wyatt</u> clearly applies when the inmate can return and exhaust his

administrative remedies. It is less clear whether it applies when the inmate is prevented from

exhausting his administrative remedies by the rules of the grievance procedure and is therefore

unable to exhaust his claims.

Three years after the <u>Wyatt</u> decision, the United States Supreme Court decided <u>Woodford</u>

<u>v. Ngo</u>, 548 U.S. 81 (2006). The Supreme Court held that exhaustion of administrative remedies

was no longer discretionary. <u>Woodford</u>, 548 U.S. at 85. The Supreme Court adopted a rule that a

prisoner must "properly exhaust" administrative remedies. <u>Woodford</u>, 548 U.S. at 93, which

means that the prisoner must follow the rules and procedures of the administrative process. Woodford, 548 U.S. at 93. The majority opinion of the Supreme Court did not specifically address whether dismissals for failure to exhaust administrative remedies should be with or without prejudice.

On remand the Ninth Circuit affirmed dismissal of the action, but the opinion does not state whether the dismissal was with or without prejudice. Ngo v. Woodford, 539 F.3d 1108 (9th Cir. 2008). Since the Woodford decision, at least one district court in the Ninth Circuit has questioned the continued validity of Wyatt. Frantz v. Schriro, 2006 WL 2772830 (D. Ariz. 2006). The court stated:

> Further, "the PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, --- U.S. ----, 126 S.Ct. 2378 (2006). Thus the statute requires that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Id. at 4. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 124 S.Ct. 50 (2003). *But see* Woodford, --- U.S. at ----, 126 S.Ct. at 2386-2387 (comparing PLRA exhaustion to habeas procedural default which provides for dismissal with prejudice, thereby implying that improper exhaustion may require dismissal with prejudice).

The district court in Frantz applied the Wyatt analysis, considered the dismissal as a matter in abatement, and dismissed without prejudice. Frantz v. Schriro, 2006 WL 2772830 at 3.

At least one district court in another circuit has rejected the abatement analysis in Wyatt. That court converted a motion to dismiss to a motion for summary judgment because matters outside the pleadings where introduced. That court then granted summary judgment and dismissed the action with prejudice. Benavidez v. Stanberry, 2008 WL 4279559 (N.D. Ohio 2008) (inmate did not file a timely grievance, matter considered as summary judgment and dismissed with prejudice).

1    Ninth Circuit precedent is binding on this Court. The Court concludes that under the

2    current state of the law in the Ninth Circuit, the proper course of action is dismissal without

3    prejudice.

4    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

5    fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P.

6    6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

7    review by the district judge.  See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

8    imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April

9    27, 2012, as noted in the caption.

10   Dated this 3rd day of April, 2012.

11

12   J. Richard Creatura
     United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24